IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-HC-2137-FL

| | |
|---|---|
| ANTHONY WAYNE MARCH, | )<br>) |
| Petitioner, | )<br>) |
| v. | )     ORDER<br>) |
| DAVID RICH, | )<br>) |
| Respondent. | )<br>) |

Petitioner, a federal inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of this action pursuant to 28 U.S.C. § 2243, and on petitioner's motions to appoint counsel (DE 2), and to compel immediate release (DE 7).

**COURT'S DISCUSSION**

The court begins with the petitioner's substantive claim that the Federal Bureau of Prisons ("FBOP") miscalculated his eligibility date for transfer to home confinement. The court assumes without deciding that petitioner's claim is cognizable under 28 U.S.C. § 2241. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."); Valladares v. Ray, 130 F.4th 74 (4th Cir. 2025) (reviewing similar claim regarding First Step Act time credits under § 2241); but see 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

A.     Statutory Framework

Among other prison reforms, the First Step Act ("FSA") directed the Attorney General to

develop a "risk and needs assessment system" for federal prisoners, which FBOP officials now use to "determine the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and to assign each prisoner to such programming accordingly." First Step Act § 101(a), 132 Stat at 5195; see 18 U.S.C. § 3632(a). As an incentive to participate in either evidence-based recidivism reduction programming ("EBRR") or productive activities ("PA") designed to reduce the risk of recidivism, Congress provided that eligible inmates may earn what is known as "FSA time credits." See 18 U.S.C. §§ 3632(d), 3624(g)(3); see also FBOP, FSA Time Credits, 87 Fed. Reg. 2705, 2707.

The time credit incentive, codified in 18 U.S.C. § 3632(d)(4), provides that an eligible inmate "shall earn 10 days of time credits for every 30 days of successful participation in [EBRR] programming or [PA]." 18 U.S.C. § 3632(d)(4)(A)(i). Inmates assigned a minimum or low risk of recidivating over two consecutive assessments earn five additional credits, for a total of 15 credits for every 30 days of successful participation in EBRR programs or PA. Id. § 3632(d)(4)(A)(ii). As for application of the time credits, the statute provides that

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C).[1]

The cross-referenced provision, 18 U.S.C. § 3624(g), provides detailed eligibility requirements for determining when an inmate becomes eligible for transfer to prerelease custody

---

[1] The term "prerelease custody" refers to placement in community confinement, such as a residential reentry center, halfway house, or home confinement. See 18 U.S.C. § 3624(g)(2).

or supervised release. In addition, the maximum time permitted for early transfer to supervised release is 365 days. 18 U.S.C. § 3624(g)(3). For purposes of petitioner's claims, the FBOP's implementing regulations track the statutory requirements. See 28 C.F.R. §§ 523.42(c), 523.44(c).[2]

B.  FBOP's Calculation of Petitioner's Community Confinement Eligibility Date

In accordance with the statutory and regulatory provisions summarized above, the FBOP calculated petitioner's estimated eligibility date for transfer to community placement on a worksheet titled "FSA Time Credit Assessment." (Pet. Ex. 2 (DE 1-1) at 13). The court discerns no error in the FBOP's calculation.

Petitioner commenced service of his federal sentence May 26, 2021. (Id.; see also Pet. Ex. 1 (DE 1-1) at 2 (petitioner using the same date for his own calculation)). During the period from May 26, 2021, through December 20, 2021, petitioner earned 10 days of FSA time credits for every 30 days he participated in PA or EBRR programs. (Pet. Ex. 2 (DE 1-1) at 13). Petitioner earned only 10 days of credits for every 30 days of participation during this period because he had not yet achieved two consecutive risk assessments with a low or minimum recidivism risk. (See id.); 18 U.S.C. § 3632(d)(4)(A)(i).

The total number of days between May 26, 2021, and December 20, 2021, is 208, and based on the FBOP's calculations petitioner appears to have participated in EBRR or PA programs throughout this period. (See Pet. Ex. 2 (DE 1-1) at 13).[3] The 208 days is then divided by 30 to

---

[2]  Petitioner repeatedly states that the FBOP's regulations are inconsistent with the statutory language, but he does not explain how the alleged inconsistencies affected the calculations for his release date or his community confinement eligibility date.

[3]  For this and all subsequent calculations, the court assumes full participation in EBRR and PA throughout the

3

get the number of 30-day periods for this timeframe, which comes to 6.9 periods. (See id.). This figure is rounded down to six regardless of the fractional number after the decimal, and then multiplied by 10 (the number of time credits earned for every 30 day-period for this timeframe), to get to 60 days of FSA credits. (See id.). The additional 28 days represented by the .9 remainder is then added to the next period. (See id.).

The second relevant period, based on this same exhibit, is from December 20, 2021, through September 9, 2024, the latter of which is simply the date FBOP officials calculated petitioner's FSA time credits. (Id.). This period is distinct because petitioner began earning 15 days of time credits for every 30 days of successful participation in PA or EBRR programs on December 20, after he achieved two consecutive low or minimum risk assessments on the FBOP's PATTERN instrument.[4] (See id.); 18 U.S.C. § 3632(d)(4)(A)(i)–(ii). There are 989 total days in this period, and as noted above 28 carryover days are added, for a total of 1,017 days. (See Pet. Ex. 2 (DE 1-1) at 13). Dividing the total days by 30 results in 33 periods of 30 days in this second timeframe.[5] (Id.). And multiplying 33 periods by 15 credit days results in 495 FSA time credits for this specific period. (See id.).

Thus, as of September 4, 2024, petitioner had earned a total of 555 FSA time credits — 60 from the first period and 495 from the second — and the FBOP correctly calculated the amount of credits on the assessment form. (See id.). The first 365 credit days were applied to petitioner's

---

relevant periods.

[4] See PATTERN risk assessment, https://www.bop.gov/inmates/fsa/pattern.jsp.

[5] The precise number is 33.9, but as noted above the fractional amount will carry over to the next review period.

4

early transfer to supervised release, producing an estimated release date of December 20, 2029. (Id.; see also id. at 8 (respondent stating that the 365 days had been applied to accelerate petitioner's release date)); see 18 U.S.C. § 3624(g)(3). That left petitioner with 190 credit days to apply to release to community confinement. (Pet. Ex. 2 (DE 1-1) at 13); see also 18 U.S.C. § 3632(d)(4)(C).

In addition to calculating the number of credits earned, the FBOP provided petitioner with his estimated release date and earliest eligibility date for transfer to community confinement, assuming he continues to participate in EBRR programs and PA throughout incarceration. (See Pet. Ex. 2 (DE 1-1) at 13). As noted above, the custody release date is estimated as December 20, 2029, which accounts for the one year of FSA time credits for early transfer to supervised release, and petitioner's good time credits. (See id.).

As of the September 4, 2024, assessment, the FBOP determined the eligibility date for community confinement was October 27, 2026.[6] (Id.). To arrive at this estimate, the FBOP calculated the number of days between September 4, 2024, and the estimated release date of December 21, 2029, which is 1,933 days. Dividing this total by 30 produces 64 periods of 30 days for the remainder of petitioner's term of imprisonment.[7] Assuming petitioner maintains his low or minimum PATTERN score and continuous participation in EBRR programs or PA, he will

---

[6] Petitioner received subsequent correspondence from FBOP officials indicating the community confinement eligibility date had moved to November 2026, likely due to some excluded days in the calculation that occurred after September 4, 2024. (Pet. Ex. 2 (DE 1-1) at 8, 10). In any event, petitioner does not argue that the November 2026 dates are inaccurate other than as part of his overarching challenge to how the credits are calculated, which the court addresses in the next section.

[7] Notably, inmates continue earning FSA time credits while in home confinement or other community custody placement. See FBOP Program Statement 5410.01 at 17, available at https://www.bop.gov/PublicInfo/execute/policysearch#.

5

earn 15 days of credits for 64 periods, producing another 960 days of credits that he is estimated to earn for the remainder of his incarceration. See 18 U.S.C. § 3632(d)(4)(A)(i)–(ii). And adding that number to the previously earned 190 days of community confinement credit produces a total of 1,150 credit days. (Pet. Ex. 2 (DE 1-1) at 13). To arrive at the estimated community confinement eligibility date, the FBOP correctly determined that 1,150 days before December 29, 2029, is October 27, 2026. (See id.).

B.  Petitioner's Claims

Despite filing a 45-page memorandum of law in support of his petition for writ of habeas corpus, it is difficult to discern petitioner's precise challenges to the foregoing calculation of his FSA time credits. To the extent petitioner argues that the calculation itself is mathematically infirm or otherwise fails to comply with the statutory standard of awarding 10 or 15 days for every 30 days of participation in EBRR programs or PA, see 18 U.S.C. § 3632(d)(4)(A)(i)-(ii), the court disagrees for the reasons set forth above.

Petitioner's primary argument is that he is entitled to additional time credits beyond 10 or 15 days for every 30 days of participation with respect to his completion of EBRR classes. (See Pet. (DE 1) at 7–8; Pet. Ex. 1 (DE 1-1) at 2). But as set forth above, the statute provides that an eligible prisoner:

> who successfully completes [EBRR programs] or [PA], shall earn time credits as follows:
>
>> (i) a prisoner shall earn 10 days of time credit for every 30 days of successful participation in [EBRR] or [PA] [and]
>> (ii) a prisoner determined by the [FBOP] to be at a minimum or low risk of recidivating, who, over 2 consecutive [PATTERN] assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] or [PA].

6

18 U.S.C. § 3632(d)(4)(A)(i)-(ii) (emphasis added). The First Step Act does not itself permit any further time credits for completing EBRR programs.

In the circumstances presented here, 18 U.S.C. § 3632(d)(6) does not change this result. This provision mandates that "the incentives described in this subsection [including time credits for participating in EBRR programs or PA] shall be in addition to any other rewards or incentives for which a prisoner may be eligible." 18 U.S.C. § 3632(d)(6). From this language, petitioner infers that he should receive additional credits beyond the 10 or 15 days for completing EBRR classes with numerical hours requirements because such additional credits are awarded in the context of the FBOP's residential drug abuse program ("RDAP") and other pertinent programs. (See Pet. (DE 1) at 7–8).

RDAP, however, is an official FBOP program for which Congress authorized sentence reductions of up to one year for eligible inmates who complete the program. See 18 U.S.C. § 3621(e). It is true that § 3632(d)(6) requires the FBOP to award FSA credits in addition to any sentencing credits awarded for completing RDAP. In other words, to the extent RDAP classes are counted as EBRR programs or PA, inmates who successfully complete both are entitled to both forms of credits. See 18 U.S.C. § 3632(d)(6); FBOP Program Statement 5410.01 at 18. Contrary to petitioner's argument, however, in the absence of a statute, FBOP regulation, or other FBOP policy document authorizing additional sentencing credits for an EBRR program beyond those permitted in the FSA, there is no further "reward or incentive[] [in the form of time credits] for which a prisoner may be eligible" when completing such programs, and § 3632(d)(6) is not implicated.

Petitioner does not point to authority establishing further time credits for completing EBRR courses that have not been applied to his sentence. In these circumstances, the only sentencing credit reward for participating in EBRR programs is the 10 or 15 credit days for every 30 days of participation as noted above. See 18 U.S.C. § 3632(d)(4)(A)(i)-(ii); 28 C.F.R. § 523.42(c); FBOP Program Statement 5410.01.

## CONCLUSION

Based on the foregoing, the petition is DISMISSED, a certificate of appealability is DENIED, and petitioner's motions (DE 2, 7) are DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of December, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge